IN THE DISTRICT COURT OF THE UNITED STATES FOR THE

MIDDLE DISTRICT OF ALABAMA, NORTHERN DIVISION

| | |
|---|---|
| HAYES HILL BAPTIST CHURCH, )<br>BRENDA HILL, individually )<br>and d/b/a Turner's ABC )<br>Learning Center, )<br>    )<br>    Plaintiffs, )<br>    )<br>    v. )<br>    )<br>STONINGTON INSURANCE )<br>COMPANY, )<br>    )<br>    Defendant. ) | CIVIL ACTION NO.<br>2:10cv135-MHT<br>(WO) |

OPINION AND ORDER

Now before the court is plaintiff's motion to remand this lawsuit back to state court.

Plaintiff brought this lawsuit against defendant Stonington Insurance Company in state court, charging Stonington with a bad-faith failure to pay an insurance claim.  Stonington then removed this lawsuit to this court based on diversity-of-citizenship jurisdiction, 28 U.S.C. §§ 1332, 1441.

"Where a plaintiff fails to specify the total amount of damages demanded, as is the case here, a defendant seeking removal based on diversity jurisdiction must prove by a preponderance of the evidence that the amount in controversy exceeds the $ 75,000 jurisdictional requirement."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1097 n.13 (11th Cir. 1994).  "[T]he removal-remand scheme set forth in 28 U.S.C. §§ 1446(b) and 1447(c) requires that a court review the propriety of removal on the basis of the removing documents."  Lowery v. Ala. Power Co., 483 F.3d 1184, 1211 (11th Cir. 2007).  "If the jurisdictional amount is either stated clearly on the face of the documents before the court, or readily deducible from them, then the court has jurisdiction.  If not, the court must remand."  Id.  "If that evidence is insufficient to establish that removal was proper or that jurisdiction was present, neither the defendants nor the court may speculate in an attempt to make up for the notice's failings."  Id. at 1214-1215.

Because the jurisdictional amount is not stated clearly on the face of the documents before the court, nor readily deducible from them, the court is without jurisdiction and must remand.  (Moreover, even if the court were to go outside the removing documents, see Lowery, 483 F.3d at 1213-1214 n. 64, the result would be the same.)

Accordingly, it is the ORDER, JUDGMENT, and DECREE of the court that plaintiff's motion to remand (Doc. No. 19) is granted and that, pursuant to 28 U.S.C. § 1447(c), this cause is remanded to the Circuit Court of Bullock County, Alabama, for want of subject-matter jurisdiction.

It is further ORDERED that all other pending motions are left for resolution by the state court after remand.

The clerk of the court is DIRECTED to take appropriate steps to effect the remand.

DONE, this the 13th day of April, 2010.

                 /s/ Myron H. Thompson
                 **UNITED STATES DISTRICT JUDGE**